UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David J. Washington, | ) | C/A No. 4:09-3050-RBH-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| Larry W. Propes, | ) | Report and Recommendation |
| Defendant. | ) | |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

1

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff's complaint states, verbatim:

> Sent letter to Larry W. Propes on 08-03-09 requesting information on a civil suite case that was public knowledge. Mr. Propes responded on 08-04-09, requesting civil case number. I provided him with this information on 08-06-09. Then Mr. Propes responded by stating this was not Federal Case number. (Not in our system). But I David J. Washington found this case in the Federal System.

*See Washington v. Propes*, C/A No. 4:09-3050-RBH-TER (D.S.C.)(docket entry #1, complaint, page three). Plaintiff seeks seven (7) million dollars in punitive damages for the Defendant's actions. *Id.* at page 5.

## Discussion

Plaintiff is bringing suit against a federal employee. As such, any constitutional claims raised by the Plaintiff are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

2

*Narcotics*, 403 U.S. 388, 397 (1971). "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14,18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*.)

Plaintiff complains that Defendant Propes responded to Plaintiff's request for information in a civil action, by indicating that no such federal case existed in the Court's records. Liberally construed, Plaintiff may be alleging a denial of Court access. However, in order to state a constitutional claim for denial of meaningful access to the courts, a plaintiff must make specific allegations as to the actual injury sustained. *See Lewis v. Casey*, 518 U.S. 343, 351-354 (1996); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (plaintiff had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). In the present action, Plaintiff fails to allege any injury resulting from the Defendant's failure to find the civil case information requested by the Plaintiff. Plaintiff also states that the requested information "was public knowledge," which he subsequently located in the "Federal System." As such, any access to court claim that the Plaintiff may be attempting to allege must fail.

Further, Defendant Propes' actions, at most, constitute negligence. However, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983/*Bivens*. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Thus, the Defendant Propes' failure to locate a civil case in the Court's records, does not state a cognizable claim under § 1983/*Bivens*.

Plaintiff also indicates that he is moving pursuant to the Federal Freedom of Information Act (FOIA), which directs agencies of the federal government to make certain information available to the public. 5 U.S.C. §§ 552. Federal courts, however, are expressly excluded from the definition of 'agency' for purposes of FOIA disclosure requirements. 5 U.S.C. § 551(1)(B). *See also Warth v. Department of Justice*, 595 F.2d 521, 523, (9th Cir. 1979)("Courts are exempt from the FOIA's disclosure requirements in order to assure that the Act would not impinge upon the court's authority to control the dissemination of its documents to the public"); *Cook v. Willingham*, 400 F.2d 885 (10th Cir.1968). In addition, a litigant may generally seek judicial review of his FOIA request only after all administrative remedies have been exhausted. *See Spannaus v. U.S. Dept. of Justice*, 824 F.2d 52, 58 (D.C.Cir.1987). *See also Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir.1995). The instant complaint, alleging that Defendant Propes failed to locate and/or provide information regarding a federal court civil action, includes no information to demonstrate that the Plaintiff has even attempted to exhaust his administrative remedies. Thus, Plaintiff's reliance on the FOIA is misplaced.

Finally, Plaintiff's complaint cites to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Plaintiff's complaint is devoid of any facts which would indicate a violation of Title VI. Therefore, any claim Plaintiff is attempting to allege under that statute is subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

|  |  |
|---|---|
| | s/Thomas E. Rogers, III |
| December 8, 2009 | Thomas E. Rogers, III. |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).