## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

David J. Washington,       )     Civil Action No.: 4:09-cv-03050-RBH
                       )
         Plaintiff,     )
                       )
v.                     )     **ORDER**
                       )
Larry W. Propes,       )
                       )
         Defendant.    )
_____)

       Plaintiff, David Washington, proceeding *pro se* filed this suit on November 20, 2009.  In his complaint, Plaintiff set forth the following allegations verbatim:

> Sent letter to Larry W. Propes on 08-03-09 requesting information on a civil suite case that was public knowledge.  Mr. Propes responded on 08-04-09, requesting civil case number.  I provided him with this information 08-06-09.  Then Mr. Propes responded by stating this was not Federal case number (not in our system).  But I David J. Washington found this case in the Federal System.

Compl. [Docket Entry 1] at 3.  Based on those facts, Plaintiff alleged violations of his rights under the Freedom of Information Act, 5 U.S.C. § 552(1); Civil Rights Act of 1964; Title VI; and the Fourteenth Amendment. *Id.* at 5.  For those violations, Plaintiff requested relief in the amount of $7,000,000 in punitive damages.[1] *Id.*

       The matter is now before the court with the Report and Recommendation [Docket Entry 10] of United States Magistrate Judge Thomas E. Rogers, III[2] filed on December 8, 2009.  Plaintiff did not file objections to the Magistrate Judge's Report, however, Plaintiff did file a

---

[1]      In the complaint, Plaintiff does not set forth any actual damages.  Rather, the sole remedy sought are the punitive damages stated above.

[2]      This matter was referred to Magistrate Judge Rogers for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.).

Motion for Judgment under the Freedom of Information Act [Docket Entry 13] on December 16, 2009.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to timely file objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory comm's. notes).

## **Discussion**

Objections to the Magistrate Judge's Report were due by December 28, 2009.[3]  By not objecting to the Magistrate Judge's Report, Plaintiff has waived his right to *de novo* review by this court. *See Diamond*, 416 F.3d at 315.  Moreover, in the absence of objections from either party, this court adopts the Magistrate Judge's Report and, in doing so, finds that there is no clear error on the face of the record.[4] *See id.*

Although Plaintiff did not file objections in this case, he did file a motion for judgment under the Freedom of Information Act ("FOIA") on December 16, 2009, in which Plaintiff states, in part:

> [I] wish to file a motion of judgment in this case under the Freedom of
> Information Act under Title 5 of the US Code Section 552(1).  I am filing this
> motion because of denial of this information.  As a result I have experienced
> financial damages because I was denied information in this case.  I was unsure
> how to file for federal assistance being a black farmer in a rural area like the
> farmers in Case # 97-1998 (PLF) defendant# and #98-1693 (PLF) plaintiff#.  If
> this case is denied under this same motion, I am requesting an appeal to review all
> evidence in this case so I can show the facts in this case.  Please let me know as
> soon as possible.

Motion [Docket Entry 13].  However, the court denies Plaintiff's motion under the FOIA.  First and foremost, Plaintiff fails to set forth any support–legal, evidentiary, or otherwise–that would

---

[3]     The Magistrate Judge's Report was filed on December 8, 2009.  Specific written objections must be filed within fourteen (14) days of the date of service of the Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).

[4]     Inasmuch as Plaintiff may be seeking relief for denial of court access, the Magistrate Judge found that the claim must fail because Plaintiff failed to "make specific allegations as to the actual injury sustained." Report [Docket Entry 10] at 3.  However, the court does note that in his Motion [Docket Entry 13] filed after the Report, Plaintiff states that he has "experienced financial damages because [he] was denied information in this case."  Upon review of that motion, however, it appears that Plaintiff alleges these damages as stemming from a freedom of information claim only.  Therefore, even in light of this new motion, the Magistrate Judge's reasoning as to any possible denial of court access claim remains accurate and correct.

warrant granting the motion.  Second, Defendant in this case is the Clerk of Court for the United States District Court, District of South Carolina.  Under the FOIA, Federal Courts are expressly excluded from the definition of "agency" for purposes of its disclosure requirements.  Therefore, Plaintiff's motion must be denied.  Finally, a litigant may generally seek judicial review of an FOIA request only after all administrative remedies have been exhausted. *Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995).  Therefore, because Plaintiff sets forth no information to demonstrate that he has even attempted to exhaust his administrative remedies, his FOIA claim must fail.  Accordingly, Plaintiff's motion pursuant to the FOIA is without merit and is denied.[5]

To the extent that Plaintiff is simply requesting copies of public records pursuant to Local Rule 83.III.03,[6] the court has independently reviewed the records of the United States District Court, District of South Carolina, Official Court Electronic Document Filing System for case # 97-1998 and # 98-1693 and those cases do not appear to be cases filed in this district.  Plaintiff references both of those case numbers in his Motion filed on December 16, 2009, and that he seeks information on them as dealing with "how to file for federal assistance being a black farmer in a rural area." Motion [Docket Entry 13].  However, the only cases filed in this district that come anywhere close to the case numbers Plaintiff gave the court are 4:97-cv-01998, which was a job discrimination case, and 3:98-cv-01693, which was a personal injury lawsuit.  Should

---

[5]    In his Motion, Plaintiff also states that if his Motion fails, he is requesting an appeal.  However, because an order or judgment had not yet been entered in this case at the time of Plaintiff's Motion, Plaintiff can not properly seek an appeal at this stage. *See* Fed. R. App. P. 4(a) (stating "the notice of appeal . . . must be filed . . . within 30 days *after the judgment or order appealed from is entered*").

[6]    The Rule states: "Any person may obtain copies of public records from the Clerk of Court upon payment of copying fees." Local Rule 83.III.03 (D.S.C.).

Plaintiff want copies of the records dealing with those cases, he may do so upon payment of copying fees as provided in Local Rule 83.III.03.

### Conclusion

The court has thoroughly reviewed the Report, pleadings, motions, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby adopts as modified the Report and Recommendation of the Magistrate Judge. Plaintiff's case is hereby **DISMISSED** *without prejudice* and without issuance and service of process. Additionally, Plaintiff's Motion for Judgment under the Freedom of Information Act is hereby **DENIED**.

**IT IS SO ORDERED.**

 s/R. Bryan Harwell       
R. Bryan Harwell
United States District Judge

January 21, 2010
Florence, South Carolina